UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-139-RJC-DCK

| | |
|---|---|
| MEINEKE CAR CARE CENTERS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT J. VROEGINDAY and CBNB, INC. )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Preliminary Injunction, (Doc. No. 2), and Motion for Default Judgment, (Doc. No. 11).

## I. BACKGROUND

Plaintiff filed its Verified Complaint, (Doc. No. 1), and a Motion for Preliminary Injunction, (Doc. No. 2), on March 1, 2012. Plaintiff served Defendants on March 12, 2012. (Doc. Nos. 7; 8). Defendants failed to timely answer or otherwise plead pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i). Plaintiff filed a Motion for Entry of Default on April 2, 2012, (Doc. No. 9), and Default was entered on April 4, 2012, (Doc. No. 10). On April 9, 2012, Plaintiff filed a Motion for Default Judgment, (Doc. No. 11).

## II. DISCUSSION[1]

On or about November 1, 2004, Plaintiff Meineke Car Care Centers, Inc. ("Plaintiff" or "Meineke") entered into a Meineke Franchise and Trademark Agreement ("Franchise

---

[1] Because of Defendants' default in this matter, he is deemed to have admitted those facts alleged in the Complaint that are material to Plaintiff's claims against him. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

Agreement") with R.C.V., Inc. ("R.C.V.") which granted it the right to operate a Meineke Center located at 351 Grand Avenue, Englewood, New Jersey 07631 ("Center No. 81"). (Doc. Nos. 1 at ¶ 21; 1-1: Franchise Agreement). On the same day, Defendant Robert J. Vroeginday ("Vroeginday") personally guaranteed to Meineke that he would be liable for any breach of the Franchise Agreement. (Doc. Nos. 1 at ¶ 22; 1-1 at Schedule D).

On or about November 24, 2004, R.C.V. and Defendant CBNB, Inc. ("CBNB") executed an Assignment of Franchise and Trademark Agreement ("Assignment") whereby R.C.V. transferred their license to operate Center No. 81 to CBNB and CBNB agreed to be personally bound by all of the covenants and conditions set out in the Meineke Franchise and Trademark Agreement. (Doc. Nos. 1 at ¶ 23; 1-2: Assignment).

Pursuant to the Franchise Agreement, Defendants became authorized to: (i) operate an automotive repair center under the trade name "Meineke" under the Meineke system; (ii) display the Meineke name, logo and marks; (iii) receive training and access to Meineke's methods, procedures and techniques; and (iv) participate in an established network of licensed automotive repair centers. (Doc. No. 1 at ¶ 24).

Pursuant to the Franchise Agreement, Defendants agreed to: (i) pay Meineke on a weekly basis a franchise fee, or royalty, in an amount equal to seven percent (7%), five percent (5%), four percent (4%), or three percent (3%) of the center's gross revenues depending on the type of product sold or service performed, (Doc. No. 1-1 at Article 3.2); (ii) pay Meineke on a weekly basis an advertising contribution in an amount equal to eight percent (8%) of the center's gross revenues for all services except 1.5% of the center's gross revenues for the sale of tires, (id. at Article 3.4); and (iii) furnish Meineke with accurate weekly business reports of the center's gross revenues. (Doc. Nos. 1 at ¶ 25; 1-1 at Article 9.3).

During the term of the Franchise Agreement, Defendants breached their obligations and promises under Article 3 of the Franchise Agreement by failing to pay Meineke all of the franchise fees and advertising contributions incurred by them. (Doc. No. 1 at ¶ 27).

On July 5, 2011, Meineke sent Defendants a Notice of Default for their failure to pay Meineke all of the franchise fees and advertising contributions incurred by them. (Id. at ¶ 28; Doc. No. 1-3: Carlet Aff. at ¶ 10). Meineke informed Defendants that if they did not cure their defaults within five (5) business days, Meineke would seek its reasonable costs and expenses owed in collecting upon the outstanding balance. (Doc. No. 1-3 at 5: 7/5/11 Notice of Default).

Defendants failed to timely cure their default by failing to pay all of the franchise fees and advertising contributions due. (Doc. No. 1 at ¶ 29). Therefore, Meineke sent Defendants another Notice of Default on July 18, 2011. (Id.). In Meineke's July 18, 2011 Notice of Default, Meineke informed Defendants that if they did not cure the defaults within sixty (60) days of delivery of the July 5, 2011 Notice of Default, Meineke could terminate their franchise license. (Id.; Doc. No. 1-3: Carlet Aff. at ¶ 10).

Defendants failed to cure their defaults. (Doc. No. 1 at ¶ 30). Accordingly on January 12, 2012, Meineke sent Defendants a Notice of Termination informing them that their license for Center. No. 81 was terminated effective January 13, 2012, 2011. (Id.; Doc. No. 1-3: Carlet Aff. at ¶ 11). As of the date of their termination, Defendants owed $54,446.06 consisting of $32,204.91 in advertising contributions and $22,241.15 in franchise fees. (Doc. No. 1 at ¶ 31). This amount remains unpaid. (Id.; Doc. No. 1-3: Carlet Aff. at ¶ 12).

Defendants also agreed, pursuant to Article 11.4 of the Franchise Agreement, that upon termination of the Franchise Agreement and for a period of one (1) year from the date of compliance they would not, "directly or indirectly (such as through corporations or other entities

owned or controlled by [Defendants]) own a legal or beneficial interest in, manage, operate or consult with": (a) any business operating at the premises of Center No. 81 or within a radius of six (6) miles of the premises of Center No. 81 which business repairs or replaces exhaust system components, brake system components, or shocks and struts and (b) any business operating within a radius of six (6) miles of any Meineke Center existing as of the date Defendants' Franchise Agreement terminated which business repairs or replaces exhaust system components, brake system components, or shocks and struts. (Doc. No. 1 at ¶ 33).

Notwithstanding Defendants' termination as Meineke franchisees for Center No. 81, Defendants continue to operate a competing business from the premises of former Center No. 81 and they continue to utilize the telephone number (201) 567-8844 that has been advertised extensively in conjunction with the Meineke Marks. (Doc. Nos. 1 at ¶ 35; 1-4: Allen Aff.; 1-5: Story Aff.; 1-6: Zinicola Decl.). At Center No. 81, Defendants continue to offer the same services they offered when they were an authorized Meineke franchisee. (Doc. Nos. 1 at ¶ 36; 1-4: Allen Aff. at ¶ 5; 1-6: Zinicola Decl. at ¶ 7). By continuing to operate a business using the Meineke Marks, Defendants are unfairly competing with Meineke and causing customer confusion as to the origin of the services being offered at this location. (Doc. No. 1 at ¶ 36).

Pursuant to Article 17.3 of the Franchise Agreement, either party may obtain preliminary relief in the form of a preliminary injunction, as long as that party contemporaneously files a demand for arbitration of such claim and the final merits of such claim are determined in the arbitration proceedings. (Doc. No. 1 at ¶ 26). Accordingly, contemporaneously with the filing of its Verified Complaint and Motion For a Preliminary Injunction, Meineke filed a demand for arbitration with the American Arbitration Association. (Id.).

**III.    CONCLUSION**

After reviewing the pleadings and memoranda of law in this action and the relevant authorities, the Court finds that Plaintiff is entitled to entry of a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.  Accordingly, Plaintiff's Motion for Preliminary Injunction, (Doc. No. 2), is **GRANTED**.

Meineke states that it "will seek a final judgment and order on the merits of the case through the arbitration action that is currently stayed pending the outcome of this action." (Doc. No. 11 at 2).  Because the Franchise Agreement requires the final merits of Plaintiff's claims to be determined in arbitration proceedings, the Court finds Plaintiff's Motion for Default Judgment premature.  Therefore, Plaintiff's Motion for Default Judgment, (Doc. No. 11), is **DENIED without prejudice** to Plaintiff's refiling after the arbitration panel determines the final merits of Plaintiff's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants cease and refrain from, for a period of one (1) year from the date of compliance with this Order, directly or indirectly (such as through corporations or other entities owned or controlled by them) owning a legal or beneficial interest in, managing, operating or consulting with: (a) any business operating at the premises of former Center No. 81 located at 351 Grand Avenue, Englewood, New Jersey 07631 or within a radius of six (6) miles of the premises of Center No. 81 which business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (b) any business operating within a radius of six (6) miles of any Meineke Center existing as of the date Defendants'

Franchise Agreement terminated which business repairs or replaces exhaust system components, brake system components, or shocks and struts.

2. Defendants cease using and/or remove and/or have removed any names, marks, signs, forms, advertising, manuals, computer software, supplies, products, merchandise and all other things and materials of any kind which are identified or associated with the Meineke name, logo, marks or trade dress, or which contain a name, logo or mark confusingly similar to the Meineke name, logo, marks or trade dress, including, but not limited to the black and yellow signage that lists Meineke's services.

3. Defendants do everything required by the telephone company, including but not limited to, the payment of all outstanding telephone bills and the signing of all relevant telephone authorization transfer documents, to release or transfer to Meineke the telephone number (201) 567-8844 now being used by Defendants' business located at 351 Grand Avenue, Englewood, New Jersey 07631 that has been advertised in conjunction with Meineke's Marks.

Signed: April 23, 2012

Robert J. Conrad, Jr.
Chief United States District Judge